IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND,** *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> **STATESVILLE PAINTING AND MAINTENANCE LLC,** *et al.*, <br><br> *Defendants*. | Case No. 1:23-cv-02436-JRR |

**MEMORANDUM OPINION**

Pending before the court is Defendants Statesville Painting and Maintenance, LLC ("Statesville") and Victor Brown's Motion to Dismiss (ECF No. 39, the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion will be granted in part and denied in part.

**I.    BACKGROUND**[1]

Plaintiffs International Painters and Allied Trades Industry Pension Fund ("Pension Fund"), International Painters and Allied Trades Annuity Plan ("Annuity Plan"), Finishing Trades Institute ("FTI"), and Daniel Williams bring this action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). (ECF No. 12.)

The Pension Fund and the Annuity Plan are "multiemployer benefit funds" and "employee benefit plans" as defined by ERISA. (ECF No. 12 ¶ 1.) FTI is also an "employee benefit plan" under ERISA. *Id.* ¶ 2. Plaintiff Daniel Williams is a fiduciary of both the Pension Fund and the

---

[1] For purposes of resolving the Motion, the court accepts as true all well-pled facts set forth in the Amended Complaint. (ECF No. 12.) *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Annuity Plan. *Id*. ¶ 5.  Statesville is an employer as defined by ERISA and is party to, or agreed to abide by the terms and conditions of, a collective bargaining agreement and/or other labor agreement(s) with a local union or district council affiliated with the International Union of Painters and Allied Trades. *Id*. ¶ 14.  Statesville is owned and managed by Defendant Vincent Brown. *Id*. ¶ 20(a).

By the terms of the collective bargaining agreement, Statesville is required to make regular payments to Plaintiffs in amounts determined by hours worked by Statesville employees. *Id*. ¶ 15.  Additionally, Statesville must maintain time records or timecards, and submit all relevant records to Plaintiffs for audit – *i.e.,* ensure that Statesville is making full and prompt payment of all required sums. *Id*. ¶ 16.  Plaintiffs allege that from March 1, 2022, through the filing of the Amended Complaint on March 28, 2024, Statesville failed to report and pay contributions for hours worked by its employees and failed to comply with Plaintiffs' audit requests. (ECF No. 18 ¶¶ 34, 42, 43.)  The Amended Complaint sets forth a claim against Statesville for audit noncompliance, a claim against Statesville and Defendant SPM Builders, LLC ("SPM") for unpaid and unreported contributions, and a claim against Mr. Brown for breach of fiduciary duty. (ECF No. 12 ¶¶ 33–61.)

On July 5, 2024, Defendants Statesville and Brown filed the Motion.  (ECF No. 39.) Defendants move to dismiss the Amended Complaint on the basis that it fails to state a claim for which relief may be granted. *Id.*  Plaintiffs oppose the Motion (ECF No. 45.)

## II.   **LEGAL STANDARD**

A motion asserted under Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)

(quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  Therefore, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555).  "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

### III. ANALYSIS

Defendants move to dismiss the Complaint for failure to state a claim on myriad grounds: Plaintiffs' failure to specify which contributions Defendants allegedly failed to report and pay, and which audit requests Defendants allegedly ignored; Plaintiffs' failure to allege Mr. Brown's

3

fiduciary status; Plaintiffs' failure to allege a causal connection between Defendants' alleged actions and Plaintiffs' alleged losses; the inclusion of an improper individual defendant;[2] and Plaintiffs' failure to allege exhaustion of mandatory grievance and arbitration procedures. (ECF No. 39 at p. 2–3.) The court addresses Defendants' arguments in turn.

First, Defendants insist the Complaint is impermissibly vague and conclusory because it "fails to specify which contributions were allegedly unpaid or which hours were unreported in violation of ERISA's reporting and disclosure requirements" and provides "no factual context about the nature or timing of the alleged audit requests" with which Defendants failed to comply. (ECF No. 39-1 at 2.) Defendants' argument is meritless. The Amended Complaint specifies that "Statesville has failed to report and pay contributions for hours worked by its employees during the period from March 1, 2022 through present." (ECF No. 12 ¶ 42.) The Amended Complaint also alleges that "Statesville has failed and refused to provide all of the necessary documents to comply with an audit of its payroll records for the period from March 1, 2022 through the date of inspection." *Id.* ¶ 34.

Second, Defendants aver the Complaint fails to state a claim for breach of fiduciary duty against Mr. Brown because Plaintiffs have not sufficiently alleged Mr. Brown's fiduciary status. (ECF No. 39-1 at 2.) Under ERISA, a fiduciary is defined as follows:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any

---

[2] In the Motion, Defendants assert that Kenneth A. Newman, a named Defendant in Plaintiffs' original Complaint (ECF No. 1) is not known by or associated with Statesville or Mr. Brown. (ECF No. 39 at p. 2–3.) Defendants' Memorandum of Law in support of the Motion does not make further reference to Mr. Newman. The court notes that Mr. Newman is not a named Defendant to the Amended Complaint; accordingly, any argument regarding his improper inclusion is moot.

> discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

Plaintiffs argue the following allegations, taken to be true, are sufficient to establish Mr. Brown's fiduciary status:

> 55. As majority owner and operator of Statesville and SPM, Brown is and was responsible for overseeing the delegation of work and reporting and payment of all contributions to the ERISA Plaintiffs and Bargained Entities for work covered under the Bargaining Agreement by Statesville and SPM, including the submittal of monthly remittance reports and fringe benefit contributions to the to the ERISA Plaintiffs and Bargained Entities.
>
> 56. Brown caused and continues to cause due and owing contributions to the ERISA Plaintiffs and Bargained Entities (i.e., plan assets) to be withheld and unpaid by having covered work performed by SPM instead of Statesville, and using fringe benefit contributions due and owing for the performance of covered work by Statesville and SPM to pay for operating expenses of Statesville and SPM and other expenses, rather than report and remit the contributions to the ERISA Plaintiffs and Bargained Entities.
>
> 57. Because contributions once owed and due become assets of the ERISA Plaintiffs and Bargained Entities, and Brown personally exercised authority or control with respect to the withholding, management or disposition of these plan assets, Brown constitutes a fiduciary under Sections 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

(ECF No. 12 ¶¶ 55–57; ECF No. 45 at p. 16.)

Plaintiffs assert the above allegations are comparable to the record in *Phelps v. C.T. Enterprises, Inc.*, where the Fourth Circuit found a genuine issue of material fact existed as to the employer and plan administrator's officers' fiduciary status. 394 F.3d 213, 221 (4th Cir. 2005). There, the employer was expressly made a fiduciary for administration of the assets of the plan and, upon consideration of the facts in the record, the Fourth Circuit found that the employer's officers had "voluntarily assumed the responsibility of a fiduciary." *Id*. Plaintiffs' allegations here

5

are nearly identical to those made in recent cases before this court; in all three cases, Plaintiffs alleged individual defendants oversaw and/or managed the reporting and payment of contributions to multiemployer benefit funds and/or employee benefit plans under bargaining agreements and were responsible for withholding due contributions. *See Int'l Painters & Allied Trades Indus. Pension Fund v. Apostolos Grp., Inc.*, No. CV GLR-23-440, 2024 WL 916304, at *3 (D. Md. Mar. 4, 2024); *Int'l Painters & Allied Trades Indus. Pension Fund v. Clayton B. Obersheimer, Inc.*, No. CIV.A. ELH-12-1000, 2013 WL 594691, at *2 (D. Md. Feb. 13, 2013); *Int'l Painters & Allied Trades Indus. Pension Fund v. Arani Consulting Grp., Inc.*, No. 1:23-CV-02449-JRR, 2024 WL 3757872, at *4 (D. Md. Aug. 12, 2024).

This court's analysis in *Apostolos* is instructive here.

> A person may be a fiduciary by (1) "being expressly identified in the plan documents ... as having the authority to control and manage the operation and administration of the plan" or (2) "by performing specified discretionary functions with respect to the plan's management, assets, or administration of a plan in a de facto capacity." *In re Mut. Fund Inv. Litig.*, 403 F. Supp. 2d 434, 445 (D. Md. 2005) (citing *Custer v. Sweeney*, 89 F.3d 1156, 1161 (4th Cir. 1996)). Because Plaintiffs do not allege that any plan documents expressly designate the Individual Defendants as fiduciaries, only de facto fiduciary status is at issue here.
>
> Corporate officers "do not become fiduciaries solely by virtue of their corporate position, even if the corporation is a fiduciary, 'unless it can be shown that they have individual discretionary roles as to plan administration.'" *In re Mut. Fund Inv. Litig.*, 403 F. Supp. 2d at 447 (quoting *Confer v. Custom Eng'g Co.*, 952 F.2d 34, 37 (3d Cir. 1991)); see *Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 233 (3d Cir. 1994) (stating that discretion is the "linchpin of fiduciary status under ERISA"). Additionally, a corporate officer who performs only "ministerial duties on behalf of the plan" is not a fiduciary. *In re Mut. Fund Inv. Litig.*, 403 F.Supp.2d at 447–48. "[B]ald allegations that an officer had discretionary authority or control over the plan assets are insufficient, 'without a proffer of some factual basis for concluding that a given entity possessed such discretionary authority.'" *Int'l Painters & Allied Trades Indus. Pension Fund v. Clayton B. Obersheimer, Inc.*, No. ELH-12-1000,

2013 WL 594691, at *7 (D. Md. Feb. 13, 2013) (quoting *In re Mut. Fund Inv. Litig.*, 403 F. Supp. 2d at 447).

Plaintiffs do not allege that the Individual Defendants rendered investment advice or were responsible for administering the plan itself, so the only applicable definition of fiduciary is one who exercises discretion in "management or disposition" of a plan or its assets. 29 U.S.C. § 1002(21)(A)(i). "[T]he 'management or disposition' language found in ERISA's definition of a fiduciary 'refers to the common transactions in dealing with a pool of assets: selecting investments, exchanging one instrument or asset for another, and so on.'" *Clayton B. Obersheimer*, 2013 WL 594691, at *7 (quoting *In re Luna*, 406 F.3d 1192, 1204 (10th Cir. 2005) (cleaned up)). "[T]he mere discretion whether to pay debts owed to an employee benefit plan ... does not suffice to confer fiduciary status under ERISA." *Clayton B. Obersheimer*, 2013 WL 594691, at *7 (quoting *In re Luna*, 406 F.3d at 1206).

Courts, including this Court, considering analogous factual situations concluded that owners and officers of an employer that had failed to timely make contributions to employee benefit funds as outlined in collective bargaining agreements were not ERISA fiduciaries. *See e.g., Clayton B. Obersheimer*, 2013 WL 594691; *In re Luna*, 406 F.3d. The Complaint alleges that the Individual Defendants "are and were responsible for overseeing the reporting and payment of all contributions to the Funds for work covered under the Bargaining Agreement," "caused contributions to the ERISA Funds to be withheld and unpaid," and "authorized or acquiesced to the use or disposition of these plan assets." []. Plaintiffs do not allege that the Individual Defendants had any involvement selecting investments, exchanging assets, or otherwise engaging in "common transactions in dealing with a pool of assets." *Clayton B. Obersheimer*, 2013 WL 594691, at *7 (quoting *In re Luna*, 406 F.3d at 1204).

…

Plaintiffs' allegation that the Individual Defendants "caused contributions to the ERISA Funds to be withheld and unpaid" also does not support their fiduciary status. [] Courts have consistently held that non-payment of contributions to a benefit fund does not confer fiduciary status.

*Apostolos*, 2024 WL 916304, at *2–4.

Here, Plaintiffs' allegations that Mr. Brown exercised discretion to withhold contributions are insufficient to show ERISA fiduciary status. *See Obersheimer*, 2013 WL 594691, at * 8 (rejecting argument that "when an employer assumes 'a contractual duty to make contributions, its discretion to exercise prudence in upholding this duty—*i.e.*, to pay or not to pay—is enough to make it an ERISA fiduciary" and finding that "an employer does not 'automatically become [] a fiduciary of an ERISA plan as soon as it breaches its agreement to make employer contributions." (citations omitted)). Accordingly, Plaintiffs have not adequately pled Mr. Brown's fiduciary status and therefore fail to state a claim for breach of fiduciary duty.

Next, Defendants argue "[t]he Complaint does not allege any facts directly connecting Defendants' purported actions or omissions to the specific losses claimed by Plaintiffs." (ECF No. 39-1 at p. 3.) To the contrary, the Amended Complaint alleges the following:

> 42. As set forth above, Statesville has failed to report and pay contributions for hours worked by its employees during the period from March 1, 2022 through present.
>
> 44. By failing to make the required reports and payments to Plaintiffs, Statesville and SPM have breached the Bargaining Agreement and Trust Agreements and are in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).
>
> 45. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the Bargaining Agreement, Trust Agreement, and Section 301 of the LMRA, 29 U.S.C. § 185, if Statesville or SPM fails to timely submit the required remittance reports and contribution payments, and the Plaintiffs file a lawsuit to compel compliance or recover unpaid contributions, Plaintiffs are entitled to the following:
> (a) Interest on the delinquent contributions at the rate for underpayment of federal income taxes under 26 U.S. Code § 6621;
> (b) Liquidated damages equal to the greater of the amount of interest charged on the unpaid contributions or twenty percent (20%) of the unpaid contributions; and
> (c) The attorneys' fees and costs incurred by the ERISA Funds in pursuing the delinquent reports and amounts, including the attorneys' fees and costs in this action.

ECF No. 12 ¶¶ 44–45.  Plaintiffs allege Statesville's failure to pay the required contributions to Plaintiff make it statutorily liable for Plaintiffs' claimed damages.  Defendants neither argue nor cite any authority for the proposition that the above allegations, taken as true, are insufficient to causally connect Defendants' alleged ERISA violations with Plaintiffs' alleged damages.

Finally, Defendants assert the Complaint is deficient because it fails to allege Plaintiffs exhausted the mandatory grievance and arbitration procedures set forth in the parties' collective bargaining agreement.  (ECF No. 39-1 at p. 3.)  Plaintiffs insist, and Defendants concede, that the bargaining agreement's arbitration clauses bind unions affiliated with the International Union of Painters and Allied Trades and employers, and do not apply to Plaintiffs as employee-benefit funds and plans.  (ECF No. 39-1 at p. 3; No. 45 at p. 26–27.)   Accordingly, Defendants' exhaustion argument is unpersuasive.

## IV.   **CONCLUSION**

For the reasons set forth herein, by separate order, Defendant's Motion to Dismiss (ECF No. 39) shall be granted in part and denied in part.  The Amended Complaint will be dismissed as against Mr. Brown only; and shall proceed in all other respects.

/S/

February 26, 2025

_____
Julie R. Rubin
United States District Judge