**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
CHELSEA J. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_CJCChambers@mdd.uscourts.gov
(410) 962-4560

August 28, 2025

**MEMORANDUM TO PARTIES RE:**   *Int'l Painters & Allied Trades Indus. Pension Fund,* et al. *v. Statesville Painting & Maint., LLC,* et al.
Civil Action No. JRR-23-2436

Dear Counsel:

    The above-referenced matter is before the Court for resolution of a discovery dispute, ECF No. 65, and a related Motion to (1) Stay All Discovery, (2) Vacate the May 16, 2025, Scheduling Order, and (3) For a Protective Order with Respect to Plaintiffs' First Discovery Set (hereinafter, "Motion to Stay"), ECF No. 66. The parties' arguments are fully developed and the disputes are ripe for resolution. For the reasons explained below, Defendants' Motion to Stay is DENIED.

    A brief recitation of the relevant procedural history is necessary for context. On July 29, 2025, Plaintiffs International Painters and Allied Trades Industry Pension Fund, Southern Painters Welfare Fund, and their respective trustees, (collectively, "Plaintiffs") filed a letter advising the Court that Defendants Statesville Painting and Maintenance, LLC and SPM Builders, LLC (collectively, "Defendants") had not responded to Plaintiffs' written discovery requests and failed to meet and confer with Plaintiffs to resolve their overdue responses. *See* ECF No. 65. The following day, July 30, Defendants filed their Motion to Stay requesting: (1) a stay of all outstanding written discovery pending this Court's resolution of Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint; (2) vacatur of the Scheduling Order; and (3) a protective order prohibiting further discovery until this Court's resolution of Defendants' Motion to Stay and Motion to Dismiss. *See* ECF No. 66. Plaintiffs filed a response to Defendants' Motion to Stay on August 12. ECF No. 69. I held a telephone conference with the parties on August 15 to discuss the disputes.[1]

    Defendants seek a stay of all discovery on the ground that their pending Motion to Dismiss Plaintiffs' Second Amended Complaint will either significantly narrow the issues subject to discovery or resolve the case altogether. They argue that allowing discovery to proceed while a case-dispositive motion is under review would be a needless waste of party resources.

---

[1] The telephone conference occurred before the deadline for Defendants' reply in support of the Motion to Stay. After hearing the parties' arguments, counsel for Defendants and the Court agreed that a reply brief was not necessary for the Court to fully understand and decide the issues.

Defendants assert that a stay would promote judicial economy and not cause Plaintiffs any prejudice. ECF No. 66 at 4–7.[2] Defendants also argue that good cause exists to excuse their failure to provide timely written objections to Plaintiffs' discovery requests. ECF No. 66 at 8–11.

Plaintiffs raise technical and substantive arguments in opposition to Defendants' Motion to Stay. They point out that Defendants' request for a stay is procedurally improper, as Defendants failed to follow this Court's informal discovery dispute protocol and Local Rule 104.7, which requires the parties to first confer before the filing of any discovery-related motion. ECF No. 69 at 13–16. Plaintiffs also argue that, on the merits, Defendants have not established good cause for a stay of discovery, and furthermore, have not established good cause to excuse their failure to timely respond to Plaintiffs' written discovery requests. ECF No. 69 at 16–31. Plaintiffs ask this Court to find that Defendants have waived their objections to Plaintiffs' discovery requests. ECF No. 69 at 22–30. In the alternative, if the Court grants the Motion to Stay or otherwise excuses Defendants' failure to timely respond to the written discovery, Plaintiffs seek an award of their fees for the time spent filing the discovery dispute letter and the opposition to the Motion to Stay. ECF No. 69 at 30–31.

I. **Legal Standard**

A request to stay discovery, like a request for a protective order, is governed by Rule 26(c) of the Federal Rules of Civil Procedure. *See Wymes v. Lustbader*, Civil Action No. WDQ-10-1629, 2012 WL 1819836, at *3 (D. Md. May 16, 2012). "Where good cause is shown by the moving party, Rule 26(c) vests the court with discretion to stay discovery." *Id.* (citation modified). Good cause requires the moving party to "make 'a specific factual showing that the interest of justice and considerations of prejudice and undue burden to the parties require a protective order and that the benefits of a stay outweigh the cost of delay.'" *Cognate BioServices, Inc. v. Smith*, Civil Action No. WDQ-13-1797, 2015 WL 5673067, at *2 (D. Md. Sept. 23, 2015) (quoting *Baron Fin. Corp. v. Natanzon,* 240 F.R.D. 200, 202 (D. Md. 2006)).

The moving party cannot establish good cause by relying on "stereotyped and conclusory statements . . . rather, the moving party must present a particular and specific demonstration of fact as to why a protective order staying discovery should issue." *Randolph v. PowerComm Constr., Inc.*, Civil Action No. PWG-13-1696, 2013 WL 11327605, at *2 (D. Md. Sept. 9, 2013) (citation and alteration omitted). Establishing good cause "'creates a rather high hurdle' for the moving party." *Id.* (quoting *Baron Fin. Corp.*, 240 F.R.D. at 202).

II. **Defendants' Motion to Stay is procedurally improper.**

Defendants violated at least three discovery rules when they filed their Motion to Stay without attempting to first meet and confer with Plaintiffs. Rule 26(c) of the Federal Rules of Civil Procedure makes plain that any motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c). The Advisory

---

[2] Citations to the parties' filings refer to the page number provided in the CM/ECF filing header, not to the PDF pagination.

Committee Notes explain that the moving party is required to "confer--either in person or by telephone--with the other affected parties in a good faith effort to resolve the discovery dispute without the need for court intervention." Fed. R. Civ P. 26 Advisory Committee Notes (1993).

Local Rule 104.7 similarly imposes a meet-and-confer requirement before the filing of any discovery motion. *See* Loc. R. 104.7 ("The Court will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time, and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court."). Furthermore, Judge Rubin's Discovery Order in this matter expressly prohibits the filing of a discovery motion absent the moving party first attempting to meet and confer with opposing counsel and requesting a pre-conference motion with the Court to resolve the dispute informally. *See* ECF No. 54 at 2.

Defendants disregarded these rules and appear to have filed their Motion to Stay in direct response to Plaintiffs' July 29 correspondence in which Plaintiffs requested a discovery conference to address Defendants' overdue discovery responses and lack of communication regarding the responses. Rather than contacting Plaintiffs directly to discuss Defendants' concerns with the written discovery, Defendants filed their motion seeking a halt of all discovery. To now ask the Court to resolve a discovery dispute that Defendants never raised with Plaintiffs, and that could have been addressed in a less costly and time-intensive manner, is precisely the kind of conduct that Rule 26(c) and this Court's Local Rules were designed to prevent. These procedural errors alone justify denial of Defendants' Motion to Stay; however, the motion fails on the merits, too.

### III.   Defendants have not established good cause for a stay.

Defendants have not cleared the "high hurdle" necessary to establish good cause for a stay of all outstanding discovery and a protective order for future discovery. Each argument Defendants set forth in support of a stay is unpersuasive.

First, Defendants argue that a stay is necessary because Defendants' pending Motion to Dismiss raises "substantial, case-dispositive issues." ECF No. 66 at 5. The Motion to Dismiss is not before me and I cannot opine on Defendants' substantive legal arguments. However, I note that Defendants have repeated at least one argument that this Court previously considered and rejected in connection with Defendants' first motion to dismiss. Specifically, Defendants have already raised that Plaintiffs failed to exhaust mandatory arbitration procedures, an argument that this Court squarely rejected. *See* ECF No. 47 at 9. The bulk of Defendants' new arguments relate to improper joinder of Plaintiffs Southern Painters Welfare Fund and its trustees, and the Court's lack of jurisdiction over these Plaintiffs.[3] Even if the Court were to grant Defendants' Motion to Dismiss on this basis, Plaintiff International Painters and Allied Trades Industry Pension Fund

---

[3] Defendants also challenge the sufficiency of Plaintiffs' alter-ego allegations against Defendant SPM Builders, LLC ("SPM"). ECF No. 60-1 at 2–3. Here, too, even if Defendants were successful on this ground, it would result in dismissal of Plaintiffs' alter-ego and single employer allegations against SPM, not dismissal of the case in its entirety.

would remain in the case and litigation would proceed. "Although it is not 'uncommon for courts to stay discovery pending resolution of dispositive motions,' such stays 'typically are not granted if resolution of the motion will not dispose of the entire case.'" *Ellicott Dredges, LLC v. C.J. Mahan Constr. Co., LLC*, Civil Action No. ELH-14-3557, 2015 WL 13840884, at *2 (D. Md. Oct. 22, 2015) (quoting *Wymes*, 2012 WL 1819836, at *4 n.9). Because Defendants' Motion to Dismiss is unlikely to resolve this case in its entirety, a stay of discovery is not justified on this ground.

Second, Defendants argue that a stay will promote judicial economy because it would avoid needless and burdensome discovery while Defendants' Motion to Dismiss is pending. ECF No. 66 at 5. For the reasons explained above, it is highly speculative that Defendants will prevail on their Motion to Dismiss, and, even if they succeed, the Motion to Dismiss is unlikely to fully resolve the case. Moreover, as Plaintiffs explained during the telephone conference in this matter, the written discovery they propounded would yield information relevant for all Plaintiffs, and such information would have broad utility in Plaintiffs' pursuit of their legal claims. Thus, utilizing the time now allotted for discovery avoids prolonging this case and provides the parties an opportunity to productively exchange information. And, furthermore, Defendants' argument regarding the burdensomeness of the discovery lacks specific factual support to justify a stay. *See Randolph*, 2013 WL 11327605, at *2 (denying motion to stay, in part, due to the moving party's "fail[ure] to put forth any particular or specific facts in support of a stay" other than the existence of a pending dispositive motion).

Third, Defendants argue that a stay would not pose any prejudice to Plaintiffs, given that there is no time-sensitive or injunctive relief at issue. ECF No. 66 at 7. The Court's inquiry regarding prejudice is not so limited. A party may be prejudiced where, as here, they "ha[ve] made diligent efforts to obtain discovery" to no avail. *Cognate BioServices, Inc.*, 2015 WL 5673067, at *5. Plaintiffs have already expended time and effort in discovery. They served written discovery requests well before Defendants filed their Motion to Stay and attempted to meet and confer with Defendants to discuss Defendants' overdue responses. Defendants opted to file the instant motion rather than directly address their outstanding discovery with Plaintiffs. Staying discovery and granting Defendants a protective order would, in effect, allow Defendants to improperly circumvent their obligation to respond to discovery already served, which, in turn, would cause Plaintiffs prejudice. *See Albert v. Glob. Tel*Link Corp.*, Civil Action No. LKG-20-1936, 2025 WL 1676963, at *7 (D. Md. June 13, 2025) (acknowledging the waste of the Court's and the parties' resources if the Court were to allow a stay relating to discovery already underway).

No other factor cited by Defendants warrants a stay. As explained above, Defendants' Motion to Dismiss is unlikely to be case-dispositive and it repeats at least one argument that this Court has already rejected.

IV. **Defendants have not established good cause to excuse their untimely discovery responses.**

Having denied Defendants' request for a stay of discovery and a protective order, I now address the effect of Defendants' failure to timely respond to Plaintiffs' written discovery

4

requests. Rule 33 of the Federal Rules of Civil Procedure provides that a party objecting to an interrogatory must state the grounds for its objection with specificity, and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Courts have interpreted Rule 34 as imposing the same requirement for timely and specific written objections and the same consequences for a party's failure to comply. *See Int'l Painters & Allied Trades Indus. Pension Fund v. Niles Indus. Coatings, LLC*, Civil Action No. RDB-20-0619, 2023 WL 5368040, at *2 (D. Md. Aug. 22, 2023) ("[I]mplicit within Rule 34 is the requirement that objections to RFPDs must be stated with particularity in a timely answer, and that a failure to do so may constitute a waiver of grounds not properly raised unless the Court excuses this failure for good cause shown.") (citation modified).

To determine whether a party has demonstrated good cause to excuse a failure to timely provide written objections, the Court considers the following:

> (1) the length of the delay or failure to particularize; (2) the reason for the delay or failure to particularize; (3) whether there was any dilatory or bad faith action on the part of the party that failed to raise the objection properly; (4) whether the party seeking discovery has been prejudiced by the failure; (5) whether the document production request was properly framed and not excessively burdensome; and (6) whether waiver would impose an excessively harsh result on the defaulting party.

*Id.* at *3 (citing *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005)).

Defendants bear the burden of establishing good cause to excuse their failure to timely object to Plaintiffs' discovery requests. *Hall*, 231 F.R.D. at 474 (stating that "the burden of avoiding waiver must rest with the party that failed to particularize its objections").

Defendants have not met their burden. As an initial matter, Defendants repeatedly cite and apply the incorrect legal standard for the Court's good cause analysis. Defendants mistakenly point to the good cause analysis relating to a party's request to set aside a default judgment pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. *See* ECF No. 66 at 9 (citing *Sauer Constr., LLC v. R & R Masonry, Inc.*, Civil Action No. DCN-24-5277, 2025 WL 1476520, at *2 (D.S.C. May 22, 2025)). Defendants also cite *Walker v. Cardinal Logistics Management Corporation*, Civil Action No. GLS-19-2130, 2020 WL 1986451 (D. Md. Apr. 27, 2020), which analyzes the good cause standard on a motion to modify a scheduling order pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure. ECF No. 66 at 9. And Defendants erroneously point to two cases that apply the factors for determining whether to impose sanctions under Rule 37 of the Federal Rules of Civil Procedure for misconduct during discovery. *See* ECF No. 66 at 10–11 (citing *Adams v. Whitestone Grp., Inc.*, Civil Action No. TDC-19-2263, 2023 WL 2712587 (D. Md. Mar. 30, 2023) and *Aiken Hosp. Grp., LLC v. HD Supply Facilities Maint., Ltd.*, Civil Action No. JMC-16-3093, 2018 WL 2057388 (D.S.C. May 3, 2018)). While the good cause analyses in these cases may bear some similarities to the good cause analysis here, they are not identical.

Here, the first five factors in the relevant good cause analysis weigh against Defendants. First, the length of the delay and failure to particularize are substantial. Defendants' written discovery requests were due on July 21, 2025. Defendants never provided written responses and

failed to respond to Plaintiffs' request for a meet and confer. Defendants did not address their overdue responses until their Motion to Stay, the filing of which "violated a court order, rule of civil procedure, and discovery guideline." *Hall*, 231 F.R.D. at 474. The failure to provide *any* written responses, coupled with the procedural irregularity of the Motion to Stay, weighs heavily against Defendants.

Second, Defendants have offered no justification for their failure to respond to Plaintiffs' discovery requests other than the filing of their Motion to Stay. Significantly, Defendants filed their motion nine days *after* their written responses were due and have not explained why they did not file the motion sooner or, at a minimum, did not object to Plaintiffs' discovery requests before their response deadline. Here, too, the lack of any explanation for the failure to respond weighs against Defendants.

Third, Defendants' conduct points to bad faith and intentional delay. Defendants had several opportunities to work cooperatively with Plaintiffs regarding their objections to the discovery requests. Defendants could have met and conferred with Plaintiffs either: (1) before Defendants' responses were due, (2) on July 24 when Plaintiffs' counsel requested a meet and confer, or (3) on July 29 when Plaintiffs filed a letter requesting a conference with the Court. Defendants made no attempt to communicate with Plaintiffs. Defendants contend that this is an isolated incident, but even a one-time failure to timely object may constitute dilatory or bad faith action. *See Niles Indus. Coatings, LLC*, 2023 WL 5368040, at *3 (finding that Defendants' three-month delay in raising objections amounted to dilatory action). Defendants also suggest that they are wary of providing written responses because there are no safeguards in place to prevent "unauthorized access for parties who may, in the end, not be part of this litigation." ECF No. 66 at 11. To the extent that Defendants are concerned about providing sensitive information in discovery, they may address such concerns through entry of a confidentiality order to manage the production and handling of confidential discovery materials. *See* Loc. R. 105.13. Simply ignoring the discovery requests altogether is improper.

Fourth, Plaintiffs have established that they have been prejudiced by Defendants' failure to respond. As noted above, prejudice may result where a party propounding discovery experiences "'added expenses, aggravation, and unnecessary delay ... from [a party's] repeated failures to comply with the discovery rules.'" *Niles Indus. Coatings, LLC*, 2023 WL 5368040, at *4 (quoting *First Am. Title Ins. Co. v. Borniva*, No. GJH-19-3233, 2023 WL 1995410, at *4 (D. Md. Feb. 13, 2023)). Such is the case here. Plaintiffs timely served discovery, attempted to confer with Defendants when Plaintiffs did not receive responses, and were forced to litigate following Defendants' Motion to Stay, resulting in avoidable time and expense.

Fifth—regarding whether the document production request was properly framed and not excessively burdensome—Defendants acknowledge that Plaintiffs' discovery requests are tailored to the allegations in Plaintiffs' Second Amended Complaint, namely, the alter-ego allegations and the newly-added plaintiffs. *See* ECF No. 66 at 6. The very fact that Plaintiffs' discovery requests are tailored to the parties and allegations in the operative complaint strongly suggest that they are likewise relevant to the parties' claims and defenses in accordance with Rule 26(b)(1) of the Federal Rules of Civil Procedure. While Defendants argue that the discovery requests are burdensome because they seek "several years' worth of payroll ledgers, banking

6

records, tax returns and emails from two companies," ECF No. 66 at 6, they have not explained with specificity why they cannot comply. A generic claim of burdensomeness will not suffice.

The final factor—whether waiver would impose an excessively harsh result on the defaulting party—is the only factor that weighs somewhat in favor of Defendants. However, on balance, it is not enough to excuse Defendants' failure to timely object to Plaintiffs' discovery requests. The written discovery to which Defendants have yet to respond is Plaintiffs' first discovery set, and finding at this early stage that Defendants have waived their written objections to such discovery would be harsh, though not excessively so. Rule 33 (and, by extension, Rule 34) is clear that waiver of objections is the consequence when a party fails to timely provide its grounds for objecting to a discovery request. Courts in this District have found waiver under such circumstances. *See, e.g.*, *Niles Indus. Coatings, LLC*, 2023 WL 5368040, at *4; *Quan v. TAB GHA F&B, Inc.*, Civil Action No. TDC-18-3397, 2020 WL 9349573, at *2 (D. Md. Nov. 25, 2020) (Sullivan, J.); *Warner v. Cellco P'ship*, Civil Action No. ELH-13-3100, 2015 WL 2227873, at *2 (D. Md. May 8, 2015) (Gallagher, J.).

Discovery cannot proceed in an orderly fashion if the parties do not adhere to the rules. Defendants have failed to do so here—first by failing to timely respond to discovery and again by failing to follow rules and protocol governing the resolution of discovery disputes. The factors relevant to determining whether to excuse Defendants' failure to timely object overwhelmingly weigh against Defendants.

### V.    Conclusion

For the reasons set forth in this Letter Memorandum and Order, I find that Defendants have waived their objections to Plaintiffs' First Set of Discovery Requests. Defendants are ORDERED to provide responses to the outstanding interrogatories and request for production of documents no later than September 29, 2025.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Sincerely,

/s/

Chelsea J. Crawford
United States Magistrate Judge