**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF  
CHELSEA J. CRAWFORD  
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET  
BALTIMORE, MARYLAND 21201  
MDD_CJCChambers@mdd.uscourts.gov  
(410) 962-4560

November 21, 2025

**MEMORANDUM TO PARTIES RE:**   *Int'l Painters & Allied Trades Indus. Pension Fund,* et al. *v. Statesville Painting & Maint., LLC,* et al. Civil Action No. JRR-23-2436

Dear Counsel:

This Memorandum Order memorializes the agreements reached and oral orders made during the discovery conference held on November 20.

I held the discovery conference to address ongoing discovery disputes between the parties. The Pension Fund filed a discovery dispute letter on November 7 advising the Court that Defendants had failed to timely serve responses to the Pension Fund's discovery requests and, relatedly, the written responses were incomplete and deficient. ECF No. 78. The Pension Fund also noted in its letter that Defendants had failed to produce any documents in response to the Pension Fund's request for production of documents and had failed to provide payment of the Pension Fund's attorney's fees in accordance with this Court's October 16, 2025 judgment. ECF No. 78.

Defendants filed a letter in response on November 14. ECF No. 80. In their letter, Defendants explained several challenges limiting their ability to fully and completely respond to the Pension Fund's discovery requests, including the non-operational status of the Defendant-entities and the serious health challenges of the Defendant-entities' managing member. ECF No. 80.

At the outset of the conference, I addressed Defendants' ex parte written communication to me and confirmed that counsel for Defendants had informed counsel for the Pension Fund of the ex parte communication. Counsel for Defendants stated that he served a copy of Defendants' most recent filing, "Notice of Improper Ex Parte Communication," on counsel for the Pension Fund, despite mistakenly filing the document ex parte. ECF No. 82.

During the conference, I addressed the merits of the discovery disputes and concluded that Defendants' answers to interrogatories and responses to requests for production of documents were incomplete. Defendants impermissibly rewrote several of the Pension Fund's interrogatories and requests and responded only to the revised interrogatory or request. *See* ECF No. 78, Addenda A, B. Additionally, Defendants grouped certain requests together and provided non-committal responses as to when responsive documents would be produced. While I understand

that Defendants' discovery responses are the product of the challenges outlined in Defendants' November 14 letter, they are nevertheless incomplete and require supplementation.

Accordingly, I ordered Defendants to cure the deficiencies in their discovery responses on or before February 6, 2026. Defendants must provide <u>complete</u> answers and responses to the Pension Fund's interrogatories and requests for production of documents by that deadline. Defendants must also provide all responsive documents on or before February 6, 2026. This lengthy extension is designed to allow Defendants sufficient time to navigate the logistical and other challenges they are confronting while also obtaining documents from third parties and supplementing their written discovery responses.

In light of the extension above, the deadlines in the Scheduling Order are modified as follows:

| | |
|---|---|
| **Discovery deadline; submission of status report** | **April 6, 2026** |
| **Requests for admissions** | **April 13, 2026** |
| **Dispositive pretrial motions** | **May 4, 2026** |

Relatedly, I ordered Defendants to make payment of the judgment as set forth in my October 16, 2025 Order, ECF No. 77, no later than January 12, 2026.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Sincerely,

*/s/*

Chelsea J. Crawford
United States Magistrate Judge