**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

INTERNATIONAL PAINTERS AND
ALLIED TRADES INDUSTRY PENSION
FUND, *et al.*,

      *Plaintiffs*,

      **v.**

STATESVILLE PAINTING AND
MAINTENANCE LLC, *et al.*,

      *Defendants*.

**Case No. 1:23-cv-02436-JRR**

<u>**MEMORANDUM OPINION**</u>

Pending before the court is Defendants Statesville Painting and Maintenance LLC ("Statesville") and SPM Builders, LLC's ("SPM") Motion to Dismiss. (ECF No. 60; the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons that follow, by accompanying order, the Motion will be denied.

**I.**      <u>**BACKGROUND**</u>[1]

Plaintiffs International Painters and Allied Trades Industry Pension Fund ("Pension Fund"), International Painters and Allied Trades Annuity Plan ("Annuity Plan"), Finishing Trades Institute ("FTI"), and Daniel Williams (collectively, "IUPAT Funds"), as well as Southern Painters Welfare Fund ("Welfare Fund"), Bruce Wohl, and Paul Canning (collectively, "SP Funds"), bring this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* (ECF No. 58; the "Second Amended Complaint.")

---

[1] For purposes of resolving the Motion, the court accepts as true all well-pled facts set forth in the Second Amended Complaint (ECF No. 58). *See Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

The Pension Fund, the Annuity Plan, and the Welfare Fund are "multiemployer benefit funds" and "employee benefit plans" as defined by ERISA. (ECF No. 58 ¶¶ 1, 6.) FTI is also an "employee benefit plan" under ERISA. *Id.* ¶ 2. Plaintiff Williams is a fiduciary of both the Pension Fund and the Annuity Plan. *Id*. ¶ 5. Plaintiffs Wohl and Canning are fiduciaries and/or collection agents of the Welfare Fund, the Finishing Trades Institute of District Council 77, and the District Council 77 Labor-Management Fund. *Id.* ¶ 9. Statesville and SPM are employers as defined by ERISA. *Id.* ¶¶ 10–11. At all times relevant, Statesville was party to, or agreed to abide the terms and conditions of, a collective bargaining agreement and/or other labor agreement(s) (the "Bargaining Agreement") with a local union or district council affiliated with the International Union of Painters and Allied Trades. *Id.* ¶ 17. The governing documents also include "Trust Agreements" that are binding on Statesville. *Id.* ¶ 18. Plaintiffs further allege that the Bargaining and Trust Agreements further impose obligations relevant to both IUPAT and SP Funds Plaintiffs. *See id.* ¶¶ 28–33.

"SPM is owned and operated by at least one of the owners/principals of Statesville, and is performing onsite construction work of the type performed by Statesville and that is covered by the terms of Statesville's Bargaining Agreement." (ECF No. 58 ¶ 23.) It is Plaintiffs' contention that SPM and Statesville "constitute a single employer under federal common law as they have an interrelationship of operations, common management, centralized control of labor relations, and common ownership or control," alleging they share a registered agent who owns, manages, and controls both; they maintain a principal place of business and registered office at the same addresses; they conduct operations in the same industry and perform the same or similar type of work; they utilize one another's equipment, resources, facilities, and employees; and they are used interchangeably. *Id.* ¶ 24. Plaintiffs also contend SPM is "the alter ego of Statesville under federal

common law which, upon information and belief, is derived from Statesville and SPM sharing common ownership, management, business purpose, operations, equipment, customers, supervision and an anti-union animus," alleging facts in support of same. *Id.* ¶ 26. Under both theories, Plaintiffs assert, SPM is similarly bound to the Bargaining Agreement. *Id.* ¶¶ 23, 27.

By the terms of the Bargaining Agreement, Statesville is required to make regular payments to the Funds in amounts determined by hours worked by Statesville employees, *see* ECF No. 58 ¶ 18; pay liquidated damages for each delinquent contribution, *see id.* ¶ 19; and maintain time records or timecards, and submit all relevant records to the Funds for audit – *i.e.*, ensure that Statesville is making full and prompt payment of all required sums, *see* ¶ 20. However, Plaintiffs allege that from March 1, 2021, through the filing of the Second Amended Complaint on June 9, 2025, Statesville failed to report and pay contributions for hours worked by its employees and failed to comply with Plaintiffs' audit requests. *Id.* ¶¶ 28–29. "Despite further demands by the Funds pursuant to SPM's alter ego and/or single employer status, and provisions of the Bargaining Agreement[s], SPM has also failed to report and pay contributions for hours worked by its employees" during this time period. *Id.* ¶ 30.

The Second Amended Complaint sets forth claims against Defendants for breach of the Bargaining and Trust Agreements as follows: 1) failure to regularly report to Plaintiffs the hours worked and/or paid, to permit an audit of its records, and to pay Plaintiffs the reported amounts found due as a result of the audit (Count I); 2) failure to report and pay contributions for hours worked by its employees (Count II); and 3) to the extent an audit shows unreported or delinquent contributions, failure to pay amounts due under the audit in a timely manner (Count III). (ECF No. 58 ¶¶ 35–60.) On June 30, 2025, Defendants filed the instant Motion. (ECF No. 60.)

## II.  LEGAL STANDARD[2]

### A.  Federal Rule of Civil Procedure 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint." *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017), *as amended* (Jan. 20, 2017) (quoting *Papasan v. Allain*, 478 U.S. 265, 283 (1986)).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that 'the defendant is liable for the misconduct alleged.'" *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (citing *Iqbal*, 556 U.S. at 678).

A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, thereby nudging its claims across the line from conceivable to plausible." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (citation modified) (quoting *Twombly,* 550 U.S. at 555, 570).  The plausibility requirement is not "a probability requirement but rather a mandate that a plaintiff 'demonstrate more than a sheer possibility that a defendant has

---

[2] Defendants cite Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(6), 20, and 21 as grounds for dismissal here.  The court only considers Defendants' arguments as to Rule 12(b)(6) and misjoinder because Defendants' other cited bases are plainly not applicable here or not properly raised by Defendants.  First, Rule 12(b)(1) concerns challenges to subject matter jurisdiction, which Defendants have not made.  (ECF No. 60-1 at p. 4.)  Second, Rule 12(b)(2) concerns challenges to the Welfare Fund's personal jurisdiction, but personal jurisdiction is a personal defense, *see Bekris v. Greek M/V Aristoteles*, 437 F.2d 219, 220 (4th Cir. 1971), that cannot be raised by another party, *see State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 521 (10th Cir. 1994).  Further, Defendants' argument neglects a bedrock principle—personal jurisdiction is an individual right that can be waived by express or implied consent. *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982).  By bringing suit in this court, the Welfare Fund has "submitted [itself] to the jurisdiction of the court." *See Adam v. Saenger*, 303 U.S. 59, 67 (1938) (noting that where the plaintiff "by his voluntary act . . . demand[ed] justice from the defendant," he "submitted himself to the jurisdiction of the court").

acted unlawfully." *In re Birmingham*, 846 F.3d at 92 (quoting *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)). Reliance on "labels and conclusions" and "formulaic recitation of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court generally does not consider evidence outside of a complaint. The court may, however, properly consider "documents integral to and relied upon in the complaint, . . . so long as the plaintiff does not question their authenticity." *Fairfax v. CBS Corp.*, 2 F.4th 286, 292 (4th Cir. 2021). "An integral document is a document that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d. 602, 611 (D. Md. 2011) (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007)). The court is entitled to "consider documents that are explicitly incorporated into the complaint by reference, and those attached to the complaint as exhibits" as part of the "pleading for all purposes." *Goines v. Valley Comm. Svcs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016) (first citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); then citing FED. R. CIV. P. 10(c)); FED. R. CIV. P. 10(c) (pertaining to "written instruments" attached as exhibits to a pleading). Where Plaintiffs claims arise in part from contractual duties owed under the Bargaining and Trust Agreements (ECF Nos. 64-1, 64-2, 64-3), the court finds the proffered Agreements, the authenticity of which no party has challenged, to be integral to, and relied upon in, the Second Amended Complaint. *See Fairfax*, 2 F.4th at 292, *supra*.

**B. Federal Rules of Civil Procedure 20 and 21[3]**

Federal Rule of Civil Procedure 20(a) governs permissive joinder of parties. It provides that plaintiffs may be joined in one action if two requirements are met: (1) "they assert any right to relief, jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all plaintiffs will arise in the action." FED. R. CIV. P. 20(a)(1). Relatedly, Federal Rule of Civil Procedure 21, titled "Misjoinder and Nonjoinder of Parties," states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party," as well as "sever any claim against a party." FED. R. CIV. P. 21. Under the Federal Rules of Civil Procedure on joinder, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties," thus "joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

## III.  ANALYSIS

Defendants move to dismiss the Second Amended Complaint on the following grounds: 1) the Complaint fails to state a plausible alter ego claim against SPM because Plaintiffs have not alleged facts necessary to "pierce the corporate veil"; 2) Plaintiffs' claims for delinquent contributions "are barred because they have failed to exhaust the mandatory grievance and arbitration procedures required by the [collective bargaining agreement]"; 3) the SP Fund Plaintiffs are misjoined;[4] 4) Plaintiffs fail to plead a basis for injunctive relief or liquidated damages and extended audits. (ECF No. 60-1 at pp. 2–5.) The court addresses each in turn.

---

[3] Plaintiffs assert a number of procedural deficiencies with Defendants' joinder challenges. (ECF No. 64 at pp. 19–20.) Because the court ultimately finds Defendants' substantive argument to be without merit, it declines to address Plaintiffs' procedural arguments.

[4] The court addressed Defendants' challenge to personal jurisdiction *supra* at footnote 2.

### A. Alter Ego / Veil Piercing Challenge

First, Defendants challenge Plaintiffs' pleadings as asserting insufficient bases to support piercing the corporate veil. (ECF No. 60-1 at pp. 2–3.) As Plaintiffs note, however, Plaintiffs proceed on a theory of alter ego and/or single employer liability, not veil-piercing liability. (ECF No. 64 at pp. 9–10.) "[F]ederal common law doctrines of alter ego or single employer status provide that non-signatories to a collective bargaining agreement may still be bound by such agreement in litigation under ERISA and LMRA." *Int'l Painters & Allied Trades Indus. Pension Fund v. Union Grp., Ltd.*, No. CV RDB-23-3239, 2025 WL 2967156, at *7 (D. Md. Oct. 21, 2025) (citing cases). "The ultimate question in determining alter ego status is 'whether a successor corporation is really the predecessor corporation by another name,' . . . and the ultimate question in determining single employer status is whether the two entities are in an 'arm's length' relationship." *Trs. of the Plumbers & Gasfitters Loc. 5 Ret., Sav. Fund v. Conditioned Air Sys., Inc.*, No. CIV. CCB-12-730, 2014 WL 1292105, at *3 (D. Md. Mar. 28, 2014) (first quoting *Maryland Elec. Indus. Health Fund v. Kodiak Util. Contst., Inc.*, 289 F. Supp. 2d 698, 702 (D. Md. 2003); then quoting *Vance v. N.L.R.B.*, 71 F.3d 486, 490 (4th Cir. 1995)).

The alter ego doctrine "was created to 'prevent employers from evading their obligations under labor laws and collective bargaining agreements through the device of making a mere technical change in the structure or identity of the employing entity . . . without any substantial change in its ownership or management.'" *Maryland Elec. Indus. Health Fund v. Masters Elec., Inc.*, No. WDQ-14-3849, 2016 WL 164301, at *4 (D. Md. Jan. 13, 2016) (quoting *Mass. Carpenters Cent. Collection Agency v. Belmont Concrete Corp.,* 139 F.3d 304, 307-08 (1st Cir. 1998)); *see Trs. of the Plumbers & Gasfitters Loc. 5 Ret., Sav. Fund*, 2014 WL 1292105, at *3 (discussing same). In considering whether two entities are alter egos, the court applies a two-part

test, considering: 1) "whether substantially the same entity controls both the old and new employer," and, if so, 2) "whether the transfer resulted in an expected or reasonably foreseeable benefit to the old employer related to the elimination of its labor obligations." *Alkire v. N.L.R.B.*, 716 F.2d 1014, 1020 (4th Cir. 1983). In assessing the first factor, court consider factors including "continuity of ownership, similarity of the two companies in relation to management, business purpose, operation, equipment, customers, supervision, and anti-union animus." *Maryland Elec. Indus. Health Fund*, 289 F. Supp. 2d at 702 (quoting *Massachusetts Carpenters Cent. Collection Agency v. Belmont Concrete Corp.*, 139 F.3d 304, 308 (1st Cir. 1998)). These factors also inform evaluation of whether two entities are a single employer. *Vance*, 71 F.3d at 490 (citing cases).

Defendants offer no arguments related to the above theories, instead arguing Plaintiffs have failed to allege facts to support veil-piercing, including that "Statesville was undercapitalized, that corporate formalities were disregarded, or that SPM was used to 'evade a legal obligation.'" (ECF No. 60-1 at pp. 2–3.) As Plaintiffs have not advanced such a theory, they need not allege facts in support of same. Defendants do not otherwise challenge Plaintiffs' allegations, and the court constrains its analysis accordingly. Further, as Plaintiffs argue, Defendants' contention as to how a union (not Plaintiffs) may have proceeded in the unfair labor practice proceedings (regarding the Bargaining Agreements at issue) is not material to resolution of the Motion; what is material is whether Plaintiffs state a plausible claim, something Defendants substantively fail to challenge. Such matters, to the extent they may bear some relevance to the action, do not bear on the sufficiency of the pleadings.[5]

---

[5] Further, Defendants ask the court to take judicial notice of these matters, but offer no exhibit or other matter in the record. Even were judicial notice of such matters appropriate as a general proposition, the court will not take judicial notice of a matter based on Defendants' non-descript, conclusory assertion in their Motion.

Accordingly, as Defendants do not challenge Plaintiffs' pleading on alter ego/single employer theories, and where this court has previously recognized that such inquiries are "fact intensive" and "usually inappropriate on a motion to dismiss," *see Maryland Elec. Indus. Health Fund*, 2016 WL 164301, at *4, the court will deny the Motion on this basis.

## B. Mandatory Grievance Process Challenge

Second, Defendants assert that Plaintiffs' claims are barred because they have not alleged that they exhausted the mandatory grievance and arbitration procedures set forth in the parties' Bargaining Agreement. (ECF No. 60-1 at p. 3–4.)  This court already addressed this argument in its memorandum opinion at ECF No. 27.  "The Supreme Court has held that, to determine whether trustees of multiemployer trust funds are bound by an arbitration clause in a collective bargaining agreement between a union and an employer, the court must consider whether the parties intended 'to require arbitration of disputes between the trustees and the employers.'" *Trs. of Ironworkers Loc. Union No. 16 Pension Plan v. Bryant Concrete Constr., Inc.*, No. DLB-18-3681, 2020 WL 134575, at *4 (D. Md. Jan. 10, 2020) (quoting *Schneider Moving & Storage Co. v. Robbins,* 466 U.S. 364, 371, 372 (1984)).  Defendants' cited cases, which concern claims brought by unions, are not persuasive.

The court turns to the cited provision of the Bargaining Agreement at issue.  Plaintiffs are not parties to the Bargaining Agreement.  (Bargaining Agreement, ECF No. 64-1 at p. 3.)  Article 10, the provision Defendants cited, references grievances brought by "an affected employee or by a Union representative"; the language contemplates a dispute resolution process between the Union (or employee) and the Employer.  *Id.* art. 10.  It provides no indication that Plaintiffs, as employee-benefit funds and plans, are bound by the dispute grievance procedures set forth therein. *Id.*

In view of same, and where Defendants fail to offer substantive argument to support evidence of intent of the parties to require arbitration between Plaintiffs, as employee-benefits funds and plans, and Defendants, *see Schneider Moving & Storage Co.*, 466 U.S. at 372, the court is not persuaded that Plaintiffs' claims fail as a matter of law for failure to allege compliance with this procedure.  *See, e.g.*, *Trs. of Ironworkers Loc. Union No. 16 Pension Plan*, 2020 WL 134575, at *4 (finding fund plaintiffs were permitted to proceed in court where, among other things, the collective bargaining agreement was not entered into by the fund plaintiffs and the dispute resolution language concerned the union and the employer); *Maryland Elec. Indus. Health Fund v. MESCO, Inc.*, No. CIV.A. ELH-12-505, 2014 WL 853237, at *9 (D. Md. Feb. 28, 2014) (finding claims of the multiemployer employee benefit plan plaintiffs were properly before the court where "there [was] no indication in the [collective bargaining agreement] that those entities [were] permitted, much less required, to invoke the dispute resolution procedure" described therein).

### C.  Misjoinder Challenge

Third, the court considers Defendants' challenges that the Welfare Fund (and its trustees) are misjoined pursuant to Rules 20 and 21.  As discussed above, Rule 20(a)(1) permits plaintiffs to be joined in an action where they, relevant here, assert rights "arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all plaintiffs."  FED. R. CIV. P. 20(a)(1).  Defendants do not dispute that questions of law or fact are common to all Plaintiffs, but instead urge that SP Fund Plaintiffs' claims—that "arise from different agreements, govern work in two different geographic regions, and involve different fund administration"—do not arise from the same transaction or occurrence.  (ECF No. 60-1 at pp. 4–5.)

"Rule 20 permits joinder of 'all reasonably related claims for relief by or against different parties.'" *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 325 (4th Cir. 2021) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). The transaction or occurrence assessment allows all "reasonably related claims . . . to be tried in a single proceeding." *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (citation omitted). "[T]wo claims arise from the same transaction — and therefore can be joined in the same action — when there is a 'logical relationship' between them." *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 325 (4th Cir. 2021) (citing cases). While this test generally "proceed[s] on a case by case basis," it "should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Saval*, 710 F.2d at 1031 (citations omitted). "Rule 20 gives courts wide discretion concerning the permissive joinder of parties." *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007).

The court is satisfied, based on Plaintiffs' allegations, that SP Fund Plaintiffs' claims arise from the same transaction or occurrence and are properly joined. Although the pleading might benefit from greater clarity in some respects, Plaintiffs assert that their claims arise under "the same law [], collective bargaining obligations, legal theories, and facts," and their allegations reflect the same. *See* ECF No. 64 at p. 21; ECF No. 58 ¶¶ 17–22, 28–33. Against this backdrop, the court finds that the claims at issue share a plain and "logical relationship." *See Courthouse News Serv.*, 2 F.4th at 325, *supra*. Defendants' general challenges are either conclusory (and unsupported) or focused almost exclusively on geographic location; the court is not persuaded by their arguments on this point. In view of Rule 20's purpose "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits" *see Saval*, 710

F.2d at 1031, *supra*, and based on the record before it, the court finds that SP Fund Plaintiffs are properly joined as Plaintiffs. The court therefore declines to order relief pursuant to Rule 21.

### D. Damages Challenges

Finally, Defendants contend that Plaintiffs have not alleged facts to support an entitlement to injunctive relief or liquidated damages, interest, and an audit extending back to March 1, 2021. (ECF No. 60-1 at p. 5.)

As to injunctive relief, Defendants cite a single authority in support of their argument that Plaintiffs are not entitled to injunctive relief in the form of compelling an audit—but that case makes no reference to injunctive relief. *Id.* (citing *Trs. of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 445 (4th Cir. 2015)). Once again, the court declines to undertake the task of making Defendants' arguments for them. As Plaintiffs note, where a plaintiff is awarded judgment on behalf of a plan, ERISA authorizes the court to award "equitable relief as the court deems appropriate," 29 U.S.C. § 1132(g)(2)(E), and "an injunction requiring Defendants to submit to an audit is warranted as long as the Funds establish the prerequisites for an injunction – namely, a showing of irreparable harm and the absence of an adequate legal remedy." *Trs. of Plumbers & Gasfitters Loc. 5 Ret. Sav. Fund v. DC Mech., LLC*, No. CV DKC 22-2770, 2023 WL 3173919, at *3 (D. Md. May 1, 2023) (citing *La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 349–51 (E.D.N.Y. 2009)). Plaintiffs allege facts in support of their claims of irreparable harm. *See* ECF No. 58 ¶¶ 43, 52. Although Plaintiffs may not ultimately prevail in their request for injunctive relief, as Defendants seemingly contend, that does not mean their allegations are deficient.

As to liquidated damages, interest, and an extended audit, Defendants offer no authority to support their assertion that an ERISA plaintiff's pleadings as to damages are deficient where they

fail to cite to a specific plan or trust document provision.  Once again, Defendants' argument is

entirely cursory.  Plaintiffs allege:

> 17. At all times relevant to this action, Statesville was party to or agreed to abide by the terms and conditions of a collective bargaining and/or other labor agreement(s) ("Bargaining Agreement") with one or more local labor union(s) and/or district council(s) affiliated with the International Union of Painters and Allied Trades (collectively, the "Union").
>
> 18. Under the terms of the Bargaining Agreement and the governing documents of the ERISA Plaintiffs (the "Trust Agreements"), which are incorporated into the Bargaining Agreement and made binding on Statesville, Statesville is required to regularly report and pay to the Funds certain sums of money, the amounts of which are determined by the hours worked by and/or paid to Statesville's employees. Reports and contributions are required to be made on a timely basis during the month following the month in which the hours were worked and/or paid, and are considered delinquent if not received timely during that month.
>
> 19. Statesville is also required, pursuant to the Bargaining and/or Trust Agreements, to pay liquidated damages for each delinquent contribution. The Bargaining and/or Trust Agreements also provide that interest accrues on delinquent contributions at the rates reasonably set by the boards of trustees from the day contributions become delinquent until paid.
>
> 20. The Bargaining Agreement and/or Trust Agreements further require that Statesville maintain time records or timecards and submit any and all relevant records to the Funds for examination to determine whether Statesville is making full and prompt payment of all sums required to be paid by Statesville to the Funds. Should an audit of Statesville's records reveal that Statesville has failed to provide full and prompt payment of all sums due, Statesville must reimburse the Funds for the amounts due, including audit fees and attorneys' fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

(ECF No. 58 ¶¶ 17–20.)  Further, they allege Defendants failed to comply with these obligations.

*Id.* ¶¶ 28–33.

And finally, Plaintiffs assert:

47. By failing to make the required reports and payments to Plaintiffs, Statesville and SPM have breached the Bargaining Agreement and Trust Agreements and are in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

48. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the Bargaining Agreement, Trust Agreement, and Section 301 of the LMRA, 29 U.S.C. § 185, if Statesville or SPM fails to timely submit the required remittance reports and contribution payments, and the Plaintiffs file a lawsuit to compel compliance or recover unpaid contributions, Plaintiffs are entitled to the following:

> (a) Interest on the delinquent contributions at the rate provided for in the plan documents under 29 U.S. Code § 1132;
>
> (b) Liquidated damages equal to the greater of the amount of interest charged on the unpaid contributions or twenty percent (20%) of the unpaid contributions; and,
>
> (c) The attorneys' fees and costs incurred by the Funds in pursuing the delinquent reports and amounts, including the attorneys' fees and costs in this action.

*Id.* ¶¶ 47–48.

As the court previously stated in its memorandum opinion at ECF No. 47, Defendants neither argue nor cite any authority for the proposition that the above allegations, taken as true, are insufficient to causally connect Defendants' alleged ERISA violations with Plaintiffs' asserted damages. Defendants' argument is once again not compelling.

IV.    **CONCLUSION**

For the reasons set forth herein, by separate order, Defendants' Motion (ECF No. 60) shall be denied.

March 24, 2026

/s/_____
Julie R. Rubin
United States District Judge